1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHRISTOPHER STEVENS, | Case No.  1:21-cv-01437-AWI-BAM |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE, | (Doc. 1) |
| Defendant. | **THIRTY-DAY DEADLINE** |

Plaintiff Christopher Stevens ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, initiated this action against the Department of the Treasury, Internal Revenue Service ("IRS") on September 27, 2021.  On January 3, 2022, Plaintiff filed an unsigned notice of voluntary dismissal, which was stricken from the record due to lack of signature.  (Docs. 4, 5.) Plaintiff was informed that he could re-file the notice with his original signature for the Court's consideration.  (Doc. 5 at 2.)  Plaintiff has not re-filed the notice.  The Court therefore proceeds to screening of the complaint.  (Doc. 1.)

### I.       Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.      Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.  Plaintiff brings suit against IRS, asserting a claim for violation of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act").

Plaintiff alleges that he "works as a 3rd Watch Clean Up/Plant OPS . . . a full time job assignment in which plaintiff, recieves [sic] no pay."  (Doc. 1 at 3.)  As of September 15, 2021, Plaintiff filed for stimulus from the Department of the Treasury, Internal Revenue Service, but has never received stimulus payments.  Plaintiff contends that "due to the Coronavirus Pandemic and Job Assignment as 3rd Watch Plant OPS Clean Up, and Plaintiff recieves [sic] no pay for full-time prison job is Inhumane and violates his 13th Amendment of Slavery."  (*Id.*)  Plaintiff further contends that "being 150% below poverty level, no means of finances, Plaintiff mental

2

1   health of:  Depression, PTSD, Anxiety Attacks are problematic and only gets worse, due to lack

2   of basic necessities:  Cosmetics, Food, ect. [sic]."  (*Id.*)  Plaintiff alleges that this is inhumane

3   treatment. He seeks punitive and compensatory damages "to amend[ ] for the harsh treatment

4   during this time of the Coronavirus Pandemic, the basic necessities of:  Disinfected, Cleaners,

5   Toiletry, Cosmetics, Food, has been scarce through-out CDC, because of the Covid Pandemic,

6   which has directly affected me being I'm 150% below poverty level."  (*Id.* at 5.)

7        As relief, Plaintiff requests the total amount of stimulus payments that were issued to

8   incarcerated inmates be placed on his account at CSATF.  (*Id.* at 6.)

9        **III.**    **Discussion**

10        Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

11   state a cognizable claim.  Because he is proceeding pro se, Plaintiff will be granted leave to

12   amend his complaint to the extent that he can do so in good faith.  To assist Plaintiff, the Court

13   provides the pleading and legal standards that appear relevant to his claims.

14        **A.**    **Federal Rule of Civil Procedure 8**

15        Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

16   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed

17   factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

18   supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation

19   omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to

20   relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570,

21   127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.;

22   see also Twombly, 550 U.S. at 556–557.

23        Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic

24   matter, the Court is unable to determine the claims that Plaintiff is attempting to assert and the

25   facts underlying those claims.  Plaintiff names the IRS as the sole defendant and identifies a

26   single claim arising under the CARES Act.  Nevertheless, Plaintiff includes additional factual

27   allegations related his state prison job and the corresponding availability of certain necessities at

28   CSATF.  These allegations appear wholly unrelated to his claim against the IRS.  If Plaintiff files

1    an amended complaint, it should be a short and plain statement of his claims, and must include

2    factual allegations identifying what happened, when it happened and who was involved. Fed. R.

3    Civ. P. 8.  Any amended complaint should omit extraneous allegations that are unrelated to his

4    claim(s).

5              **B.      Federal Rules of Civil Procedure 18 and 20**

6              Plaintiff is cautioned that he may not bring unrelated claims against unrelated parties in a

7    single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir.

8    2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420,

9    at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D.

10   Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the

11   claim arises out of the same transaction or occurrence, or series of transactions and occurrences,

12   and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*,

13   130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in

14   the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under

15   Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule

16   18(a), which permits the joinder of multiple claims against the same party.

17             As indicated above, Plaintiff's complaint appears to include allegations unrelated to those

18   against the IRS.  To the extent Plaintiff is attempting to assert additional, unrelated claims against

19   a different defendant(s), those claims belong in a separate suit(s).  For the purposes of initial

20   screening, the Court focuses on the single claim asserted against the IRS for receipt of stimulus

21   payments.

22             **C.      The CARES Act**

23             As indicated, the crux of Plaintiff's complaint relates to his assertions that he has been

24   denied stimulus payments under the CARES Act.   The CARES Act, codified in part at Section

25   6428 of the Internal Revenue Code, 26 U.S.C. § 6428, established a mechanism for the IRS to

26   issue economic impact payments ("EIP") to eligible individuals. *Scholl v. Mnuchin (Scholl I)*, 489

27   F.Supp.3d 1008, 1020 (N.D. Cal. 2020), *appeal dismissed*, No. 20-16915, 2020 WL 9073361 (9th

28   Cir. Nov. 20, 2020)  Under § 6248(a), eligible individuals may receive a tax credit in the amount

1    of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying

2    children.  *Scholl I*, 489 F.Supp.3d at 1020 (citing 26 U.S.C. § 6428(a).)  This amount is credited

3    against the individual's federal income tax for the year 2020. Id. For purposes of the CARES Act,

4    an eligible individual is defined as "any individual" other than (1) a nonresident alien individual,

5    (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an

6    estate or trust. *Id.* at 1021 (citing 26 U.S.C. § 6428(d)); *Conde v. Dep't of the Treasury & Internal*

7    *Revenue Serv.*, No. 1:21-cv-01072-DAD-SKO, 2021 WL 6000057, at *1 (E.D. Cal. Dec. 20,

8    2021).

9        The CARES Act provided that "each individual who was an eligible individual for such

10   individual's first taxable year beginning in 2019 shall be treated as having made a payment

11   against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance

12   refund amount for such taxable year." *Scholl I*, 489 F.Supp.3d at 1021 (quoting 28 U.S.C. §

13   6428(f)(1)). Therefore, the Act provides that "if an eligible individual filed a tax return in 2018 or

14   2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat

15   those taxpayers as eligible for an advance refund of the tax credit." *Scholl I*, 489 F.Supp.3d at

16   1021.  Congress provided that "[n]o refund or credit shall be made or allowed under this

17   subsection after December 31, 2020."  26 U.S.C. § 6428(f)(3)(A).

18           **1.     The Scholl Class**

19       In *Scholl I*, the district court provisionally certified the following class:

20       All United States citizens and legal permanent residents who:

21   (a)    are or were incarcerated (i.e., confined in a jail, prison, or other penal
22          institution or correctional facility pursuant to their conviction of a criminal
            offense) in the United States, or have been held to have violated a condition
23          of parole or probation imposed under federal or state law, at any time from
            March 27, 2020 to the present;

24   (b)    filed a tax return in 2018 or 2019, or were exempt from a filing obligation
25          because they earned an income below $12,000 (or $24,400 if filing jointly)
            in the respective tax year;

26   (c)    were not claimed as a dependent on another person's tax return; and

27   (d)    filed their taxes with a valid Social Security Number, and, if they claimed
            qualifying children or filed jointly with another person, those individuals
28          also held a valid Social Security Number.

5

*Scholl I*, 489 F. Supp. 3d at 1047.  In *Scholl v. Mnuchin (Scholl II)*, 494 F.Supp.3d 661 (N.D.

Cal. 2020), the district court granted final certification of this class and entered declaratory relief,

stating as follows:

> [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize
> defendants to withhold advance refunds or credits from class members solely
> because they are or were incarcerated.  The court further finds and declares that
> defendants' policy that persons who are or were incarcerated at any time in 2020
> were ineligible for advance refunds under the Act is both arbitrary and capricious
> and not in accordance with law.

*Scholl II*, 494 F.Supp.3d at 692.  The court entered a permanent injunction and directed

defendants to reconsider EIPs that were denied on the sole basis of an individual's incarcerated

status.  *Id.* at 692-93.  With regard to specific payments, court clarified as follows:

> The court takes no position on whether plaintiffs or class members are in fact owed
> advance refund payments or the amount of those payments. . . . The court's
> determination in this order is that the IRS's action was "arbitrary, capricious, ... or
> otherwise not in accordance with law" and the appropriate remedy is to "hold
> unlawful and set aside" that agency action. 5 U.S.C. § 706(2). It is incumbent on
> the IRS, as the agency charged by Congress, to make individual determinations
> whether an individual is an "eligible individual" and meets the various criteria
> delineated in the Act.

*Scholl II*, 494 F. Supp. 3d at 691

### 2.      Tax Refund Claim - 28 U.S.C. § 1346

Under 28 U.S.C. § 1346(a)(1), a district court has jurisdiction over civil actions "for the

recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or

collected, or any penalty claimed to have been collected without authority or any sum alleged to

have been excessive or in any manner wrongfully collected under the internal-revenue laws."  A

taxpayer's right to bring a refund suit, however, is limited by 26 U.S.C. § 7422(a).  *See Dutch v.

Internal Revenue Dep't of Treasury*, No. SACV 12-02098-CJC, 2013 WL 7162138, at *2 (C.D.

Cal. Dec. 20, 2013).  Section 7422(a) provides:

> (a) No suit prior to filing claim for refund.—No suit or proceeding shall be
> maintained in any court for the recovery of any internal revenue tax alleged to have
> been erroneously or illegally assessed or collected, or of any penalty claimed to
> have been collected without authority, or of any sum alleged to have been excessive
> or in any manner wrongfully collected, until a claim for refund or credit has been

1   duly filed with the Secretary, according to the provisions of law in that regard, and
the regulations of the Secretary established in pursuance thereof.

2

3   26 U.S.C. § 7422(a).

4       A refund claim is a prerequisite to jurisdiction; a United States District Court does not

5   have jurisdiction over a tax refund suit unless the taxpayer has not only paid all assessments in

6   full, but also has filed a claim for a refund with the IRS. *Thomas v. United States*, 755 F.2d 728,

7   729 (9th Cir.1985); *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir.1987).

8                   **3.     Analysis**

9       Plaintiff is incarcerated and claims that the IRS has denied him payments under the

10   CARES Act.  As relief, he seeks to have the IRS provide those payments.  To the extent Plaintiff

11   is claiming that the IRS withheld his payments solely due to his incarcerated status, "he is already

12   part of the Scholl class; therefore, he is not entitled to separate individual relief." *Conde v. Dep't*

13   *of the Treasury & Internal Revenue Serv.*, No. 1:21-cv-01072-DAD-SKO, 2021 WL 6000057, at

14   *1 (E.D. Cal. Dec. 20, 2021) (citations and quotation omitted).

15       Further, the CARES Act specified that no refund or credit would be made or allowed after

16   December 31, 2020.  26 U.S.C. § 6428(f)(3)(A).  That deadline passed before Plaintiff initiated

17   the instant action in September 2021.  "Any tax rebate Plaintiff might be eligible for must be

18   applied for through his tax return, as it is the responsibility of the IRS, not the Court, to make

19   determinations on rebate or credit eligibility." *Conde,* 2021 WL 6000057, at *3 (citing 28 U.S.C.

20   § 6428(f)(3)(B) and *Scholl I*, 489 F.Supp.3d at 1021 n.1.).

21       Finally, to bring a tax refund suit, Plaintiff is required to file an administrative claim with

22   the IRS. *Conde*, 2021 WL 6000057, at *4; 26 U.S.C. § 7422(a).  Although Plaintiff alleges that he

23   filed for stimulus payments in September 2021, Plaintiff has failed to adequately allege that he

24   filed an administrative claim before binging this action.

25       **E.  Conclusion and Order**

26       Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, state a

27   cognizable claim for relief or otherwise establish this Court's jurisdiction.  As Plaintiff is

28   proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the

identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 2, 2022**                      /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE