1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 EASTERN DISTRICT OF CALIFORNIA

10

11 CHRISTOPHER STEVENS,            Case No.  1:21-cv-01437-AWI-BAM

12        Plaintiff,             FINDINGS AND RECOMMENDATIONS

REGARDING DISMISSAL OF ACTION FOR

13     v.                  FAILURE TO STATE A CLAIM, FAILURE

TO OBEY A COURT ORDER AND FAILURE

14 DEPARTMENT OF THE TREASURY    TO PROSECUTE

INTERNAL REVENU SERVICE,

15                      (Doc. 6)

16       Defendant.          **FOURTEEN-DAY DEADLINE**

17

18        Plaintiff Christopher Stevens ("Plaintiff"), a state prisoner proceeding pro se and *in forma*

19 *pauperis*, initiated this action against the Department of the Treasury, Internal Revenue Service

20 ("IRS") on September 27, 2021.  (Doc. 1.)

21        On March 2, 2022, the Court screened Plaintiff's complaint and granted him leave to

22 amend within thirty (30) days of service of the Court's order.  (Doc. 6.)  Plaintiff was expressly

23 warned that if he failed to file an amended complaint in compliance with the Court's order, then

24 the Court would recommend dismissal of this action, with prejudice, for failure to obey a court

25 order and for failure to state a claim.  (*Id.*)  The deadline for Plaintiff to file his amended

26 complaint has passed and Plaintiff has not complied with the Court's order.  The Court therefore

27 will recommend dismissal of this action for failure to state a claim, failure to obey a court order

28

1 | and failure to prosecute.

2 | **I.      Failure to State a Claim**

3 | **A.  Screening Requirement and Standard**

4 | The Court is required to screen complaints brought by prisoners seeking relief against a

5 | governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

6 | § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

7 | or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

8 | relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b);

9 | 1915(e)(2)(B)(ii).

10 | A complaint must contain "a short and plain statement of the claim showing that the

11 | pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

12 | required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

13 | conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

14 | *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

15 | true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

16 | 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

17 | To survive screening, Plaintiff's claims must be facially plausible, which requires

18 | sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

19 | for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

20 | *Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

21 | is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

22 | standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

23 | **B.  Plaintiff's Allegations**

24 | Plaintiff is currently housed at the California Substance Abuse Treatment Facility

25 | ("CSATF") in Corcoran, California.  Plaintiff brings suit against IRS, asserting a claim for

26 | violation of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act").

27 | Plaintiff alleges that he "works as a 3rd Watch Clean Up/Plant OPS . . . a full time job assignment

28 | in which plaintiff, recieves [sic] no pay."  (Doc. 1 at 3.)  As of September 15, 2021, Plaintiff filed

for stimulus from the Department of the Treasury, Internal Revenue Service, but has never received stimulus payments.  Plaintiff contends that "due to the Coronavirus Pandemic and Job Assignment as 3rd Watch Plant OPS Clean Up, and Plaintiff recieves [sic] no pay for full-time prison job is Inhumane and violates his 13th Amendment of Slavery." (*Id.*)  Plaintiff further contends that "being 150% below poverty level, no means of finances, Plaintiff mental health of: Depression, PTSD, Anxiety Attacks are problematic and only gets worse, due to lack of basic necessities:  Cosmetics, Food, ect. [sic]." (*Id.*)  Plaintiff alleges that this is inhumane treatment. He seeks punitive and compensatory damages "to amend[ ] for the harsh treatment during this time of the Coronavirus Pandemic, the basic necessities of:  Disinfected, Cleaners, Toiletry, Cosmetics, Food, has been scarce through-out CDC, because of the Covid Pandemic, which has directly affected me being I'm 150% below poverty level." (*Id.* at 5.)

As relief, Plaintiff requests the total amount of stimulus payments that were issued to incarcerated inmates be placed on his account at CSATF. (*Id.* at 6.)

### C. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.

#### 1.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the Court is unable to determine the claims that Plaintiff is attempting to assert and the facts underlying those claims.  Plaintiff names the IRS as the sole defendant and identifies a

single claim arising under the CARES Act.  Nevertheless, Plaintiff includes additional factual allegations related his state prison job and the corresponding availability of certain necessities at CSATF.  These allegations appear wholly unrelated to his claim against the IRS.

### 2.   Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

As indicated above, Plaintiff's complaint appears to include allegations unrelated to those against the IRS.  To the extent Plaintiff is attempting to assert additional, unrelated claims against a different defendant(s), those claims belong in a separate suit(s).  For the purposes of screening, the Court focuses on the single claim asserted against the IRS for receipt of stimulus payments.

### 3.   The CARES Act

As indicated, the crux of Plaintiff's complaint relates to his assertions that he has been denied stimulus payments under the CARES Act.   The CARES Act, codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, established a mechanism for the IRS to issue economic impact payments ("EIP") to eligible individuals. *Scholl v. Mnuchin (Scholl I)*, 489 F.Supp.3d 1008, 1020 (N.D. Cal. 2020), *appeal dismissed*, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020).  Under § 6248(a), eligible individuals may receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children.  *Scholl I*, 489 F.Supp.3d at 1020 (citing 26 U.S.C. § 6428(a).)  This amount is credited against the individual's federal income tax for the year 2020. *Id.* For purposes of the CARES Act, an eligible individual is defined as "any individual" other than (1) a nonresident alien individual,

1    (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an

2    estate or trust. *Id.* at 1021 (citing 26 U.S.C. § 6428(d)); *Conde v. Dep't of the Treasury & Internal*

3    *Revenue Serv.*, No. 1:21-cv-01072-DAD-SKO, 2021 WL 6000057, at *1 (E.D. Cal. Dec. 20,

4    2021).

5            The CARES Act provided that "each individual who was an eligible individual for such

6    individual's first taxable year beginning in 2019 shall be treated as having made a payment

7    against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance

8    refund amount for such taxable year." *Scholl I*, 489 F.Supp.3d at 1021 (quoting 28 U.S.C. §

9    6428(f)(1)). Therefore, the Act provides that "if an eligible individual filed a tax return in 2018 or

10   2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat

11   those taxpayers as eligible for an advance refund of the tax credit." *Scholl I*, 489 F.Supp.3d at

12   1021.  Congress provided that "[n]o refund or credit shall be made or allowed under this

13   subsection after December 31, 2020."  26 U.S.C. § 6428(f)(3)(A).

14           **The Scholl Class**

15           In *Scholl I*, the district court provisionally certified the following class:

16           All United States citizens and legal permanent residents who:

17           (a)    are or were incarcerated (i.e., confined in a jail, prison, or other penal
                    institution or correctional facility pursuant to their conviction of a criminal
18                  offense) in the United States, or have been held to have violated a condition
                    of parole or probation imposed under federal or state law, at any time from
19                  March 27, 2020 to the present;

20           (b)    filed a tax return in 2018 or 2019, or were exempt from a filing obligation
                    because they earned an income below $12,000 (or $24,400 if filing jointly)
21                  in the respective tax year;

22           (c)    were not claimed as a dependent on another person's tax return; and

23           (d)    filed their taxes with a valid Social Security Number, and, if they claimed
                    qualifying children or filed jointly with another person, those individuals
24                  also held a valid Social Security Number.

25   *Scholl I,* 489 F. Supp. 3d at 1047.

26   ///

27   ///

28   ///

In *Scholl v. Mnuchin (Scholl II)*, 494 F.Supp.3d 661 (N.D. Cal. 2020), the district court granted final certification of this class and entered declaratory relief, stating as follows:

> [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated. The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

*Scholl II*, 494 F.Supp.3d at 692. The court entered a permanent injunction and directed defendants to reconsider EIPs that were denied on the sole basis of an individual's incarcerated status. *Id.* at 692-93. With regard to specific payments, the court clarified as follows:

> The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments. . . . The court's determination in this order is that the IRS's action was "arbitrary, capricious, ... or otherwise not in accordance with law" and the appropriate remedy is to "hold unlawful and set aside" that agency action. 5 U.S.C. § 706(2). It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

*Scholl II*, 494 F. Supp. 3d at 691

**Tax Refund Claim - 28 U.S.C. § 1346**

Under 28 U.S.C. § 1346(a)(1), a district court has jurisdiction over civil actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." A taxpayer's right to bring a refund suit, however, is limited by 26 U.S.C. § 7422(a). *See Dutch v. Internal Revenue Dep't of Treasury*, No. SACV 12-02098-CJC, 2013 WL 7162138, at *2 (C.D. Cal. Dec. 20, 2013). Section 7422(a) provides:

> (a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). A refund claim is a prerequisite to jurisdiction; a United States District Court does not have jurisdiction over a tax refund suit unless the taxpayer has not only paid all

assessments in full, but also has filed a claim for a refund with the IRS. *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir.1985); *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir.1987).

### D.   Analysis

Plaintiff is incarcerated and claims that the IRS has denied him payments under the CARES Act.  As relief, he seeks to have the IRS provide those payments.  To the extent Plaintiff is claiming that the IRS withheld his payments solely due to his incarcerated status, "he is already part of the Scholl class; therefore, he is not entitled to separate individual relief." *Conde v. Dep't of the Treasury & Internal Revenue Serv.*, No. 1:21-cv-01072-DAD-SKO, 2021 WL 6000057, at *1 (E.D. Cal. Dec. 20, 2021) (citations and quotation omitted).

Further, the CARES Act specified that no refund or credit would be made or allowed after December 31, 2020.  26 U.S.C. § 6428(f)(3)(A).  That deadline passed before Plaintiff initiated the instant action in September 2021.  "Any tax rebate Plaintiff might be eligible for must be applied for through his tax return, as it is the responsibility of the IRS, not the Court, to make determinations on rebate or credit eligibility." *Conde,* 2021 WL 6000057, at *3 (citing 28 U.S.C. § 6428(f)(3)(B) and *Scholl I,* 489 F.Supp.3d at 1021 n.1.).

Finally, to bring a tax refund suit, Plaintiff is required to file an administrative claim with the IRS. *Conde*, 2021 WL 6000057, at *4; 26 U.S.C. § 7422(a).  Although Plaintiff alleges that he filed for stimulus payments in September 2021, Plaintiff has failed to adequately allege that he filed an administrative claim before binging this action.

### II.   Failure to Obey Court Order and Failure to Prosecute

#### A.  Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46

F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's amended complaint is overdue.  The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff.  The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's March 2, 2022 screening order expressly warned Plaintiff that his failure to comply would result in a recommendation for dismissal of this action.  (Doc. 6 at 8.) Thus, Plaintiff had adequate warning that dismissal could

1   result from his noncompliance.

2        Additionally, at this stage in the proceedings there is little available to the Court that

3   would constitute a satisfactory lesser sanction while protecting the Court from further

4   unnecessary expenditure of its scarce resources.  Plaintiff's in forma pauperis status in this action

5   indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is

6   likely to have no effect given that Plaintiff has ceased litigating his case.

7        **III.    Conclusion and Recommendation**

8        For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed,

9   with prejudice, for Plaintiff's failure to state a claim, failure to obey the Court's order and failure

10  to prosecute.

11       These Findings and Recommendations will be submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

13  **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may

14  file written objections with the Court.  The document should be captioned "Objections to

15  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

16  objections within the specified time may result in the waiver of the "right to challenge the

17  magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

18  (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

19
20  IT IS SO ORDERED.

21     Dated:   __April 26, 2022__                    ___/s/ Barbara A. McAuliffe___

22                                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28